FILED'11 JUL 12 14:02USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KENNETH WEBBER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STUDENT, INC., a Delaware Corporation; JONEL TODD; JACKSON COUNTY SCHOOL DISTRICT 4; and BEN BERGREEN, individually and in his official capacity as Superintendent of Jackson County School District 4,<br><br>Defendants. | Civ. No. 11-3032-CL<br><br>REPORT & RECOMMENDATION |

CLARKE, Magistrate Judge.

This matter comes before the court on motions to dismiss filed by Jonel Todd ("Todd") and First Student, Inc. ("First Student") (collectively "First Student Defendants"), and Jackson County School District 4 ("the District") and District Superintendent Ben Bergreen ("Bergreen") (collectively "District Defendants"). For the reasons stated below, the First Student Defendants' motion (#8) to dismiss should be GRANTED, the District Defendants' motion (#10) to dismiss should be GRANTED, and plaintiff should be granted leave to amend, subject to the restrictions outlined below.

## BACKGROUND

First Student is under contract with Jackson County School District 4 to provide transportation for students to and from schools operated by the District. The First Student school buses are garaged at a facility at 6100 Colver Road in Talent, Oregon. Employees of First Student park their personal vehicles in a designated employee lot at the Colver Road facility each day during the performance of their duties.

First Student hired Plaintiff as a school bus driver in June 2007. From June 2007 until March 2, 2011, Plaintiff parked his personal vehicle, a Dodge pickup truck, in the employee lot at the Colver Road facility during working hours. Beginning in July 2009, Plaintiff began to fly a 5 foot by 3 foot Confederate flag emblazoned with the word "Redneck" from an antenna in the bed of his truck. Plaintiff kept the flag on his truck's antenna during working hours and while his truck was parked at the Colver Road facility.

On February 23, 2011, District Superintendent Bergreen visited the Colver Road facility and saw the flag. After Superintendent Bergreen left the facility, Todd, Plaintiff's supervisor, approached Plaintiff and informed him that Bergreen had objected to the flag and wanted Plaintiff to remove it from his truck. Plaintiff refused. On March 2, 2011, Todd called Plaintiff into her office, informed him that the presence of the flag was contrary to company policy, and ordered Plaintiff to remove the flag. Plaintiff again refused. Todd immediately suspended Plaintiff. The next day, March 3, 2011, Todd called Plaintiff and requested that he meet with her at the Colver Road facility. Plaintiff agreed to meet with Todd. Todd reiterated to Plaintiff that the presence of the flag was contrary to company policy and instructed him to remove the flag. Plaintiff again refused to comply, and Todd suspended him for another three days. On March 8, 2011, Todd requested a final meeting with Plaintiff at the Colver Road facility. At that meeting,

Todd informed Plaintiff that if he did not remove the flag from his vehicle he would be terminated from his employment. When Plaintiff again refused to comply, Todd terminated him for insubordination. Plaintiff alleges that Bergreen and a representative of First Student have subsequently made public statements that the demands for the removal of the flag were made pursuant to a policy of the District which prohibits expression that may be offensive, tend to alarm, or annoy certain individuals or groups.

## STANDARD

Under FRCP 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See* Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974), *overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982). In answering this question, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in favor of the plaintiff. *See* Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955 (2007). To survive a motion to dismiss under FRCP 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." Id. at 555. That is, plaintiffs must show that their claims not merely conceivable, but plausible. Id. at 570; Ashcroft v. Iqbal, -- U.S. --, --, 129 S.Ct. 1937, 1950 (2009). This plausibility inquiry is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. The court inquiry

is limited to the face of the complaint, id., and matters that may be judicially noticed, MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. Leave to amend should be granted unless it is clear that the complaint cannot possibly be cured by the allegation of other facts. Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995); *see also* Fed. R. Civ. P. 15(a) ("leave [to amend] is to be freely given when justice so requires"). The court must also consider whether granting leave to amend will result in undue prejudice to the opposing party, is sought in bad faith or for a dilatory motive, is futile, or creates undue delay. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001). When amendment would be futile, dismissal may be ordered with prejudice. Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n, 298 F.3d 768, 772 (9th Cir. 2002) (*citing* Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

Defendants move to dismiss Plaintiff's second claim, brought under §1983 for violation of the Fourteenth Amendment Equal Protection Clause; and Plaintiff's third and fourth claims for violations of article I, sections 8 and 20 of the Oregon Constitution. The court addresses Defendants' motions with respect to each claim in turn below.

### I. Plaintiff's Federal Equal Protection Claim.

Plaintiff brings his second claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment equal protection rights. He alleges that Defendants singled him out and discriminated against him based upon his exercise of his First Amendment rights. He argues that discriminatory retaliation for the exercise of free speech violates the Equal Protection Clause. Defendants assert that Plaintiff has not stated a valid equal protection claim and move to dismiss.

An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. CONST. amend. XIV. In order to succeed on an equal protection claim under § 1983, a plaintiff must prove that (1) he has been treated differently from others with whom he is similarly situated, and (2) that the unequal treatment was the result of intentional or purposeful discrimination. Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000). A plaintiff may satisfy the first element by demonstrating either that the law is applied in a discriminatory manner, or that it imposes different burdens on different classes of people. Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995). A plaintiff may satisfy the second element by demonstrating either that he is a member of a protected class, or, in some limited circumstances, that he may proceed as a "class of one." Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601, 128 S.Ct. 2146 (2008). However, the "class of one" theory is not applicable in the public employment context. Id. at 605, 607.

Plaintiff concedes that he may not proceed on the "class of one" theory. However, he argues that his claim survives because Defendants intentionally treated him differently than other employees based upon their disapproval of the message conveyed by his flag, and used his refusal to take the flag down as an excuse for firing him. Accepting his allegations as true, the issue in this case is whether plaintiff can satisfy the second element of Reese; that is, whether discriminatory intent may be found where Plaintiff's equal protection claim is based not on his membership in an identifiable class, but on his allegation that Defendants' treatment of him was motivated by the content of his speech.

Although the Ninth Circuit has not dealt directly with whether instances of retaliation for the exercise of free speech may implicate equal protection, a number of other Circuit Courts of

Appeals have found that such a claim implicates the First Amendment, not the Equal Protection Clause. *See, e.g.,* Kirby v. City of Elizabeth City, 388 F.3d 440, 447 (4th Cir. 2004) ("[C]laims based on the allegation that [plaintiff] was treated differently in retaliation for his speech are, at their core, free-speech retaliation claims that do not implicate the Equal Protection Clause." (internal quotation marks and citation omitted); Boyd v. Ill. State Police, 384 F.3d 888, 898 (7th Cir. 2004) (no right to be free from retaliation under the Equal Protection Clause); Bernheim v. Litt, 79 F.3d 318, 323 (2nd Cir. 1996) (same); Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997) (same); *see also* Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992) (finding "little basis or justification for applying equal protection analysis" where the plaintiff's Equal Protection claim overlapped with his failed First Amendment claim).

Some district courts within the Ninth Circuit have found the reasoning of the First, Second, Fourth, Seventh and Eleventh Circuit Courts of Appeals to be persuasive on this issue. *See, e.g.,* Mazzeo v. Gibbons, No. 2:08-cv-01387-RHL-PAL, 2010 WL 4384207, at *5 (D. Nev. Oct. 28, 2010) ("[Plaintiff's] allegations impermissibly combine her First Amendment Retaliation and Fourteenth Amendment Equal Protection claims"); Occhionero v. City of Fresno, No. CV F 05-1184 LJO SMS, 2008 WL 2690431, at *8 (E.D. Cal July 3, 2008) ("A claim of different treatment in retaliation for speech is a First Amendment claim which does not invoke the Equal Protection Clause"). This court likewise finds these opinions persuasive.

Plaintiff's claim speaks directly to the core concern of the First Amendment: that even unpopular or controversial speech may be protected. The core concern of the Equal Protection Clause is that all similarly situated persons should be treated alike, and that no person should be subjected to intentional and arbitrary discrimination. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Sioux City Bridge Co. v. Dakota Cnty., 260 U.S. 441,

445, 43 S.Ct. 190 (1923). Although Plaintiff claims that Defendants' policy burdens a fundamental right, he has failed to offer any evidence that it is a "class based denial of a particular right," and so does not implicate equal protection. Plyler v. Doe, 457 U.S. 202, 217 n.15, 102 S.Ct. 2382 (1982).

Because Plaintiff's claim fails to show discrimination on any basis which triggers the Equal Protection Clause, Defendants' motions to dismiss Plaintiff's second claim under § 1983 for violations of the Equal Protection Clause should be GRANTED. Granting plaintiff leave to amend his complaint on this claim would be futile and, therefore, dismissal is with prejudice and without leave to amend.

## II. Plaintiff's State Law Claims.

Plaintiff's third and fourth claims allege violations of his rights under article I, sections 8 and 20 of the Oregon Constitution. Plaintiff brings both claims directly under the Oregon Constitution. Both the First Student Defendants and the District Defendants move to dismiss Plaintiff's state constitutional claims.

Initially, Defendants argued that the Oregon Supreme Court has determined that no private right of action exists for damages pursuant to state constitutional claims. Following Plaintiff's clarification that he seeks only equitable relief, not damages, for his state claims, Defendants argued in their replies and at oral argument that whether a plaintiff may bring a claim for equitable relief for violations of provisions of the Oregon Constitution in the employment context presents an unsettled question of state law best left to the determination of state courts. The District Defendants further argued that, to the extent that Plaintiff may bring such claims, they may not be brought directly under the Oregon Constitution, but rather must be brought under the Oregon Tort Claims Act, OR. REV. STAT. § 30.260 *et seq.* (2009). Plaintiff argues that

Page 7 – REPORT AND RECOMMENDATION

because his claims are not "torts," he is not required to plead under the OTCA. Plaintiff concedes that he has no right of action for damages, but asserts that he may bring his claims for equitable relief directly under the Oregon Constitution.

### A. Oregon enjoys sovereign immunity except in case of waiver.

The doctrine of sovereign immunity is implicit in article IV, section 24 of the Oregon Constitution. Clarke v. Or. Health Sci. Univ., 343 Or. 581, 594, 175 P.3d 418 (2007). The state may only be sued to the extent that the legislature has waived immunity pursuant to a general law. Id. Plaintiff may, therefore, only assert a claim against the state in circumstances where the state has waived sovereign immunity.

### B. The OTCA is a limited waiver of Oregon's sovereign immunity with regard to violations of the state constitution.

The Oregon Tort Claims Act, OR. REV. STAT. § 30.260-300 (2009), is a limited waiver of sovereign immunity for torts committed by public bodies or their employees, agents, and officers acting within the scope of their employment. OR. REV. STAT. § 30.265(1) (2007); Ostyula v. Or. Dept. of State Lands, No. CV 07-1390-ST, 2008 WL 700965, at *3 (D. Or. Mar. 12, 2008). The Oregon Supreme Court has held that violations of the Oregon Constitution may create actionable torts under the OTCA. Nelson v. Lane Cnty., 304 Or. 97, 107, 743 P.2d 692 (1987). The scope of the Nelson ruling is limited, however, by the court's subsequent decision in Hunter v. City of Eugene, 309 Or. 298, 304, 787 P.2d 881 (1990). In Hunter, the court refused to interpret the OTCA as a waiver of Oregon's sovereign immunity regarding claims for damages for violations of article I, section 8 and other non-self-executing provisions of the Oregon Constitution. Id. at 303. Instead, the court held that actions against public bodies for violations of article I, section 8 "will be limited to existing common-law, equitable and statutory remedies." Id. at 304.

The issue of causes of action under the OTCA and article I, section 8 arose again in Barcik v. Kubiaczyk, 321 Or. 174, 895 P.2d 765 (1995). In Barcik, a group of high school students brought suit against their school district over censorship of unofficial student newspapers. Id. at 177-79. The Oregon Supreme Court dismissed most of the plaintiffs' claims as moot and reaffirmed the Hunter prohibition on damages for article I, section 8 violations. Id. at 201. However, the court also ruled that plaintiff Barcik's individual state constitutional claims for equitable relief, brought under the OTCA, were justiciable and remanded those claims for consideration on the merits. Id.

### C. The OTCA is the exclusive remedy for violations of the Oregon Constitution.

ORS § 30.265(1) requires that all civil actions or suits for torts committed by public employees, officers or agents be brought under the OTCA:

> The remedy provided by [the OTCA] is <u>exclusive of any other action</u> or suit against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action or suit. <u>No other form of civil action or suit shall be permitted</u>.

OR. REV. STAT. § 30.265(1) (2007) (emphasis added). Accordingly, courts in the District of Oregon have dismissed claims brought directly under the Oregon Constitution, holding that "the appropriate remedy for constitutional violations by public bodies, officers, employees, and agents is the Oregon Tort Claims Act." Juran v. Independence Or. Cent. Sch. Dist. 13J, 898 F. Supp. 728, 730 (D. Or. 1995); *see also* Standish v. Woods, No. CV 03-933-AS, 2004 WL 1379466, at *2 (D. Or. May 10, 2004).

### D. Conclusion.

In the present case, Plaintiff has brought his claims directly under the Oregon Constitution. Such suits are barred by Oregon's sovereign immunity, embodied in article IV,

Page 9 – REPORT AND RECOMMENDATION

section 24 of the Oregon Constitution. Therefore, Defendants' motions to dismiss Plaintiff's third and fourth claims for violations of his rights under article I, sections 8 and 20 of the Oregon Constitution should be GRANTED.

### III. Plaintiff Should Be Granted Leave to Amend

As described above, violations of the Oregon Constitution may be actionable as torts under the OTCA. The Oregon Supreme Court has distinguished between claims for violations of the Oregon Constitution based on the nature of the relief sought. Although claims for damages have been precluded, Hunter 309 Or. at 303, claims seeking only equitable relief have been found to be justiciable, Barcik, 321 Or. 201. A determination that a claim is justiciable necessarily requires the court to find that the claim is susceptible to relief. Brown v. Or. State Bar, 293 Or. 446, 449, 648 P.2d 1289 (1982).

Had the Oregon Supreme Court intended for its reasoning in Hunter to extend to all claims for violations of the Oregon Constitution regardless of the nature of the relief sought, Barcik presented the perfect opportunity to explicitly state that principle. Not only did the Oregon Supreme Court decline to extend Hunter, it reached a conclusion which is entirely at odds with the inference that it intended to do so.

Federal courts are bound to accept the highest state court's interpretation of state law. United Brotherhood of Carpenters & Joiners Local 586 v. NLRB, 540 F.3d 957, 978 (9th Cir. 2008) (*citing* West v. AT&T, 311 U.S. 223, 236, 61 S.Ct. 179 (1940)). Thus, where the Oregon Supreme Court has held that claims for damages are precluded, but claims for equitable relief brought under the OTCA are susceptible to relief, this court is bound by that determination. Accordingly, courts in the District of Oregon have consistently held that plaintiffs may not bring claims for constitutional violations directly under the Oregon Constitution, but rather must bring

such claims under the OTCA. Juran, 898 F. Supp. at 730; Standish, 2004 WL 1379466, at *2. Although Defendants have urged the court to decline the exercise of jurisdiction over this claim, the court finds that no unsettled question of state law is implicated and that the exercise of supplemental jurisdiction is proper. Plaintiff should, therefore, be granted leave to amend his complaint to bring his state constitutional claims under the OTCA as follows.

### A. Plaintiff's Third Claim: Violation of article I, section 8.

Plaintiff's third claim alleges that he was terminated for the exercise of his free speech rights under article I, section 8. Although Defendants have challenged Plaintiff's third claim on procedural grounds, they have not challenged the merits of the claim. As described above, the court has resolved the procedural challenge and found that Plaintiff may bring his claim for violation of article I, section 8 claim under the OTCA. Therefore, dismissal is without prejudice and with leave to amend.

### B. Plaintiff's Fourth Claim: Violation of article I, section 20.

Plaintiff's fourth claim alleges that Defendants violated his equal protection rights under article I, section 20 of the Oregon Constitution by terminating him for his exercise of his free speech rights. Defendants contend that Plaintiff has failed to state a claim.

In general, equal protection analysis is the same under both article I, section 20 of the Oregon Constitution and the Fourteenth Amendment of the U.S. Constitution. State v. Borowski, 231 Or. App. 511, 519-20, 220 P.3d 100 (2009) (identifying article I, section 20 of the Oregon Constitution as the state analog of the Fourteenth Amendment); Babcock v. Emp't Div., 72 Or. App. 486, 491, 696 P.2d 19 (1985) (applying the Oregon and federal equal protection claims identically); City of Klamath Falls v. Winters, 289 Or. 757, 774-75, 619 P.2d 217, (1980) ("[I]n the usual case substantially the same analysis is applicable in determining whether there

has been a denial of equal protection of the laws or a grant of a privilege or immunity on terms not equally applicable to all citizens."). Plaintiff's claims under article I, section 20 are therefore analyzed under the same standards as Plaintiff's Fourteenth Amendment claims.

As described above, the court already found that Plaintiff fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment. The same analysis applies with equal force to Plaintiff's claims under article I, section 20. Granting plaintiff leave to amend this claim would be futile, therefore dismissal is with prejudice and without leave to amend.

## RECOMMENDATION

For the reasons stated above, the First Student Defendants' motion (#8) to dismiss should be GRANTED, the District Defendants' motion (#10) to dismiss should be GRANTED, and plaintiff should be granted leave to amend his complaint as outlined above.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by August 1, 2011. If objections are filed, any response to the objections is due by August 18, 2011.*** See FED. R. CIV. P. 72, 6.

DATED this _____ day of July, 2011.

_____
MARK D. CLARKE
United States Magistrate Judge